NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1253

COMMONWEALTH

vs.

PHILLIP CRAMER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a Superior Court jury trial, the defendant was found guilty of four counts of forcible rape of a child, four counts of aggravated rape of a child, and one count of indecent assault and battery on a child under the age of fourteen. On appeal, the defendant argues that he is entitled to a new trial because the judge erroneously admitted two school pictures of the victim depicting her at ages five and nine. We affirm.

All of the indictments against the defendant stem from actions taken against the victim when she was between the ages of five and eleven years old. Prior to trial, the Commonwealth moved in limine to admit five photographs of the victim depicting her at various ages between five and eleven years old.

The defendant moved to exclude all the photographs as irrelevant and unduly prejudicial.  After hearing argument, the judge permitted the Commonwealth to introduce two photographs in evidence.

"Evidence is relevant if it has a rational tendency to prove an issue in the case, or render a desired inference more probable than it would be [otherwise]" (citation omitted).  Commonwealth v. Pardee, 105 Mass. App. Ct. 496, 499 (2025).  "Whether evidence is relevant in any particular instance, and whether the probative value of relevant evidence is outweighed by its prejudicial effect, are questions within the sound discretion of the judge."  Commonwealth v. Tarjick, 87 Mass. App. Ct. 374, 379 (2015), quoting Commonwealth v. Dunn, 407 Mass. 798, 807 (1990).

When "photographs possess evidential value on a material matter, they are not rendered inadmissible solely because they . . . may have an inflammatory effect on the jury."  Commonwealth v. Dale, 86 Mass. App. Ct. 187, 194 (2014), quoting Commonwealth v. Tassinari, 466 Mass. 340, 349 (2013).  Even then, "[i]t is a rare instance in which the probative value of such evidence is so overwhelmed by its inflammatory potential that a reversal would be warranted."  Dale, supra at 194-195, quoting Commonwealth v. Bradshaw, 385 Mass. 244, 270 (1982).  "[A]bsent palpable error," the judge's discretionary decision to

2

admit the challenged evidence will not be disturbed. Commonwealth v. McGee, 467 Mass. 141, 156 (2014), quoting Commonwealth v. Spencer, 465 Mass. 32, 48 (2013).

Here, the evidence was relevant to the Commonwealth's case. Because the defendant was being tried for forcible rape of a child in violation of G. L. c. 265, § 22A, the Commonwealth was required to prove that the victim was raped by either physical force, constructive force, or threat of force. See Commonwealth v. Lopez, 433 Mass. 722, 728-729 (2001). Constructive force can be determined, in part, by a disparity in age and physical size between the defendant and the victim. See Commonwealth v. Armstrong, 73 Mass. App. Ct. 245, 255 (2008). Thus, photographs depicting the victim's approximate size and physical appearance during the periods of the alleged rapes were relevant to determine the likelihood of force. See id.

Furthermore, the judge did not abuse her discretion by ruling that the risk of unfair prejudice did not substantially outweigh the probative value of the photographs. See Dunn, 407 Mass. at 807; Mass. G. Evid. § 403 (2023). The judge limited the number of portraits admissible in evidence from five to two, restricting their content to showing the victim at ages relevant to the alleged abuse. Furthermore, the school portraits of the victim were not inherently prejudicial. See Tarjick, 87 Mass. App. Ct. at 379 (no abuse of discretion in admitting "poster-

3

sized" school portraits depicting victim at times relevant to assault).  And where, as here, the judge instructed the jury to consider the photographs "for the purpose of understanding [the victim's] age and size at the time of the alleged incidents," and expressly warned against reliance on "sympathy, anger, passion, prejudice, or pity for or against either side," any potential for unfair prejudice was properly mitigated.  See Commonwealth v. Jackson, 486 Mass. 763, 774 (2021) ("It is appropriate to consider the effectiveness of limiting instructions in minimizing the risk of unfair prejudice when weighing the relative probative value of evidence in light of any unfair prejudice" [quotation and citation omitted]).  The evidence was properly admitted.

Judgments affirmed.

By the Court (Ditkoff, D'Angelo & Wood, JJ.[1]),

Clerk

Entered:  October 23, 2025.

---

[1] The panelists are listed in order of seniority.

4